UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Plaintiff,

v

NICOLA JAKSA, MEMPHIS
FAMILY CHIROPRACTIC, PLC,
and CHARLES ROCKER,

    Defendants.

Case No.
Hon.

_____/

Michael F. Schmidt (P25213)
HARVEY KRUSE, P.C.
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, MI 48084
(248) 649-7800
(248)649-2316 (fax)
mschmidt@harveykruse.com

_____/

A civil action involving parties arising out of the transaction or occurrence alleged in this complaint has been previously filed in the Macomb County Circuit Court. The action is entitled *Charles Rocker v Nicola Jaksa and Memphis Family Chiropractic,* Civil Action No. 2025-001308-NO and assigned to Judge Anthony R. Servitto.

_____/

**DECLARATORY COMPLAINT**

**DEMAND FOR JURY TRIAL**

HARVEY KRUSE   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS   248-649-7800
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526

NOW COMES the plaintiff, NATIONWIDE PROPERTY AND CASUALTY INSURANCE COMPANY, by and through its attorneys, HARVEY KRUSE, P.C., and for its declaratory complaint state as follows:

## JURISDICTIONAL ALLEGATIONS

1. The plaintiff, Nationwide Property and Casualty Insurance Company ("Nationwide") is incorporated in the State of Ohio with its principal place of business located in Columbus, Ohio.

2. The defendant Nicola Jaksa ("Jaksa") is a resident of Macomb County, Michigan.

3. The defendant Memphis Family Chiropractic PLC is a Michigan Professional Limited Liability Company with its principal place of business located in Richmond Township, Macomb County, Michigan.

4. The defendant Charles Rocker is a resident of the City of Richmond, Macomb County, State of Michigan.

5. The amount in controversy is in excess of $75,000, exclusive of interest and costs.

6. There is jurisdiction in the U.S. District Court pursuant to 28 U.S.C. § 1332(a) because this case involves a controversy between citizens of different states, the plaintiff is incorporated in the State of Ohio with its principal place of business located in Columbus, Ohio, the defendant Jaska is a resident of the State

2

of Michigan, the defendant Memphis Family Chiropractic PLC is a Michigan Professional Limited Liability Company with its principal place of business located in Macomb County, Michigan, and the defendant Charles Rocker is a resident of the State of Michigan.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Nationwide seeks a declaratory judgment that it has no duty to defend, indemnify or provide insurance coverage to Jaksa or Memphis Family Chiropractic PLC for the claims made against them in the underlying action, *Charles Rocker v Nicola Jaksa and Memphis Family Chiropractic* pending in the Macomb County Circuit Court, Civil Action No. 2025-001308-NO assigned to Judge Anthony R. Servitto (hereinafter the "underlying action"). A copy of the complaint in the underlying action is attached hereto as Exhibit 1. Nationwide also seeks reimbursement of all costs incurred by it in its defense of Jaksa and Memphis Family Chiropractic PLC in the underlying action pursuant to its reservation of rights.

## GENERAL ALLEGATIONS

8. Nationwide issued a Premier Businessowners Policy ("Nationwide Policy") to Jaksa, Nick d/b/a Memphis Family Chiropractic PLC, policy no. ACP BPOK 5843572361 with a policy period from 09/05/2022 to 09/05/2023, a copy of which is attached as Exhibit 2.

HARVEY KRUSE
A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

3

9. The complaint in the underlying action alleges injuries incurred by the underlying plaintiff Rocker resulting from chiropractic treatment by Jaksa and Memphis Family Chiropractic PLC including use of a treatment table at Memphis Family Chiropractic PLC on May 10, 2023.

10. The underlying complaint alleges the following GENERAL ALLEGATIONS:

> 8. Defendants induced Plaintiff, a business invitee to believe that the premises, tables, and chairs, were kept and maintained in a safe and proper condition.
>
> 9. Defendants did further represent and assure Plaintiff that the premises, tables, and chairs, were kept in good repair and reasonably safe for sitting and lying, and Plaintiff would not be in any danger therefrom.
>
> 10. Plaintiff, in reliance thereon, felt assured that he would not encounter any difficulty and/or danger and would not be susceptible to injury while he patronized the premises of Defendants.
>
> 11. On or about May 10, 2023, while at the Defendants' premises, Plaintiff sat and or laid on a table located at the Defendants' premises as stated above and, as Defendant Jaksa was operating said table bringing it to an upright position, Plaintiff's toe was injured as further described herein. (Exhibit 1, ¶¶ 8-11)

11. The underlying complaint alleges in COUNT I – NEGLIGENCE/PREMISES LIABILITY:

> 13. Upon information and belief, the Defendants knew or should have known about the defective condition of the table.

4

14. Defendants owed various duties to Plaintiff, and, not withstanding these duties, Defendants did violate and breach them in the following particulars:

   a. In placing and/or allowing a defective table to remain in the business, thereby creating, causing, and/or tolerating a dangerous condition;

   b. In failing to warn Plaintiff, of the dangerous condition which the Defendants created, and knowledge of, or in the exercise of reasonable care, should have had knowledge;

   c. In failing to train its employees and instruct them regarding proper procedure in maintaining the table when the employees knew or should have known that a defective table could result in injury;

   d. In failing to take adequate precautions to inspect the table;

   e. In failing to provide proper training and guidelines for inspecting the premises, including but not limited to the treatment tables, to exercise reasonable care and identify defective conditions that could result in injury;

   f. In failing to place warning signs in the area;

   g. In creating or allowing a defective and/or dangerous condition to exist on its premises;

   h. In failing to warn business invitees of the dangerous and defective conditions which existed on the Defendants' premises, which Defendants created and had knowledge, or in the exercise of reasonable, should have had knowledge;

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

5

  i. In failing to inspect and supervise its Premises and employees when reasonable inspection and supervision would have revealed the dangerous/hazardous condition;

  j. Defendants were negligent in failing to supervise and train its employees;

  k. In particular, Defendant Jaksa was negligent in failing to operate the subject table properly and with due care to avoid injury;

  l. Performing other acts of negligence and/or gross negligence not yet known but which will be ascertained during the course of discovery.

15. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

16. As a direct and proximate cause of Defendants' negligence, the Plaintiff was injured, to wit:

  a. Toe injury;
  b. Foot injury;
  c. Exacerbation of infectious disease process;
  d. Knee injury;
  e. Such other injuries as are discovered throughout the course and scope of this case. (Exhibit 1, ¶¶ 13-16)

12. The underlying complaint alleges in COUNT II – RES IPSA LOQUITUR:

23. A chiropractic table does not usually cause injuries such as those described above in the absence of someone's negligence.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

24. The subject table was within the exclusive control of the Defendants.

25. The subject table was not due to any voluntary action or contribution on the part of the Plaintiff.

26. Any evidence of the true explanation of why the subject table caused Plaintiff's injuries is more readily accessible to the Defendants than to the Plaintiff.

23. Pursuant to the legal doctrine of Res Ipsa Loquitor [sic], the Defendants' breached their common duties including but not limited to the duties enumerated in paragraph 14 above.

24. Pursuant to the legal doctrine of Res Ipsa Loquitor [sic], the Defendants' conduct was negligent and unreasonable.

25. Pursuant to the legal doctrine of Res Ipsa Loquitor [sic], there is an inference that the Defendants were negligent.

26. As a direct and proximate result of the above-mentioned negligence under the legal doctrine of Res Ipsa Locquitor [sic], the Plaintiff, Plaintiff [sic] sustained injuries as enumerated above. (Exhibit 1, ¶¶ 23-26)

**NATIONWIDE BUSINESSOWNERS POLICY**

13. The Nationwide policy lists the Named Insured as JAKSA, NICK – DBA MEMPHIS FAMILY CHIROPRACTIC PLC.  (Exhibit 2, Declarations p 1).

14. The **LIABILITY COVERAGE FORM** Section **I. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY** provides the following Insuring Agreement:

   I. COVERAGES

   A. COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

7

1. **INSURING AGREEMENT**

   a. We will pay those sums up to the applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for which there is coverage under this policy. HOWEVER, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   We may, at our sole discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (1) The amount we will pay for damages is limited as described in Section III. LIMITS OF INSURANCE; and

   (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGES A or B or medical expenses under COVERAGE C.

   No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B. b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

  (2) The "bodily injury" or "property damage" occurs during the policy period; and

* * * *

(Exhibit 2, **PREMIER BUSINESSOWNERS LIABILITY COVERAGE FORM** p 2 of 23)

15. The **LIABILITY COVERAGE FORM** contains the following definitions:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the Company providing this insurance. The word "insured" means any person or organization qualifying as such under Section II. WHO IS AN INSURED. Other words and phrases that appear in quotation marks have special meaning. Please refer to Section V. DEFINITIONS.

* * * *

**V.** **DEFINITIONS**

The terms "you", "your", "we", "us", "our" and "insured" are defined in the Preamble of this Coverage Form. The following words or phrases, which appear in quotation marks throughout this Coverage Form and any of its endorsements, are defined as follows:

* * * *

3. **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. (Exhibit 2, pp 2, 19, 21 of 23)

* * * *

18. **"Suit"** means a civil proceeding in which damages because of "bodily injury", "property damage" or

9

HARVEY KRUSE    A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS    248-649-7800
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526

"personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent. (Exhibit 2, pp 2, 19, 21, 22 of 23)

16. The **LIABILITY COVERAGE FORM** contains the following Exclusions:

2. **EXCLUSIONS**

This insurance, including any duty we have to defend "suits", does not apply to:

\* \* \* \*

v. **Professional Services**

"Bodily injury" or "property damage" that arises out of or is a result of the rendering of, or failure to render, any professional service, treatment, advice or instruction. This exclusion includes, but is not limited to, any:

(1) Legal, accounting, insurance, real estate, financial, advertising or consulting service, advice or instruction;

(2) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

HARVEY KRUSE    ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

(3) Supervisory, inspection, engineering, or architectural service, advice or instruction;

(4) Medical, surgical, psychiatric, chiropractic, chiropody, physiotherapy, osteopathy, acupuncture, dental, x-ray, nursing or any other health service, treatment, advice or instruction;

(5) Any psychological therapy or any other counseling or mental health service, treatment, advice or instruction;

(6) Any service, treatment, advice or instruction for the purpose of appearance or skin enhancement, hair removal or replacement or personal grooming, including but not limited to cosmetology, tonsorial, tattooing, tanning or massage;

(7) Optometry or optical or hearing aid service, treatment, advice or instruction, including the prescribing, preparation, fitting, demonstration or distribution of ophthalmic lenses and similar products or hearing aid devices;

(8) Ear or other body piercing service, treatment, advice or instruction; or

(9) Service, treatment, advice or instruction in the practice of pharmacy.

(10) Electronic data processing, computer consulting or computer programming services, advice or instruction.

This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of

11

others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the rendering or failure to render of any professional service.

w. **Testing, Evaluating or Consulting**

"Bodily injury" or "property damage" arising out of:

(1) An error, omission, defect or deficiency:

    (a) In any test performed, or any evaluation, consultation or advice given by or on behalf of you or any insured; or

    (b) In experimental data or the insured's interpretation of that data.

(2) The reporting of or reliance upon any such test, evaluation, consultation or advice. (Exhibit 2, pp 3, 8, 9 of 23)

## COUNT I – DECLARATORY JUDGMENT

17. Nationwide repeats and realleges all of the allegations contained in all other paragraphs of this declaratory complaint as though set forth fully herein.

18. Under the Nationwide Policy, Nationwide has no duty to provide coverage or a defense to Jaksa or Memphis Family Chiropractic PLC for the claims made against them in the underlying action for the following reasons:

    a. Any coverage or duty to defend is excluded by Exclusion v. Professional Services.

HARVEY KRUSE
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

    b. Any coverage or a duty to defend is excluded by Exclusion w. Testing, Evaluating or Consulting.

19. It is well-settled insurance law in Michigan and throughout the United States that a liability policy such as the Nationwide policy does not provide coverage for or charge premiums for professional services risks and such risks are insured by a Professional Liability Policy which charges higher premiums to provide coverage for the greater risks involved in providing professional services coverage.

20. As held by the Sixth Circuit Court of Appeals in *Orchard, Hiltz & McCliment, Inc. v Phoenix Insurance Co,* 676 Fed Appx 515 (6th CA, 2017): "Michigan courts, however, have generally interpreted professional services exclusions broadly. See, e.g., *Am. Fellowship Mut. Ins. Co. v Ins. Co. of N.Am.,* 90 Mich App 633, 282 NW2d 425, 428 (1979) . . . Phoenix and Federated provided *general* liability policies that were never intended to cover professional negligence claims. Indeed, plaintiff's *professional* liability insurer defended it in both underlying tort actions . . ." See also, *Singh, RX, PLLC et al v Selective Insurance Company of South Carolina,* 2025 WL 1103968 (6th CA, 2025), where the Sixth Circuit Court of Appeals held: "Michigan courts have interpreted professional services exclusions broadly, to encompass 'acts reasonably related to the overall provision of professional services.'"

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526 248-649-7800

13

21. As held by the Michigan Supreme Court in *Henderson v State Farm Fire and Cas Co,* 460 Mich 348, 354; 596 NW2d 190 (1999): "A court must not hold an insurance company liable for a risk that it did not assume."

22. Multi cases throughout the country have enforced professional services exclusions to exclude coverage for cases involving treatment of a patient by doctor or chiropractor or other provider using equipment including tables and chairs: *Owners Insurance Company v Advanced Sleep Technology,* 626 FSupp3d 1350, 1357 (SD Ga, 2022) (transferring a patient from bed to chair); *Harris v Fireman's Fund,* 42 Wash2d 655; 257 P2d 221, 224-25 (1953) (use of a treatment table by an osteopathic physician which collapsed and injured the patient); *USF&G v Dohner,* 71 Wash2d 544; 429 P2d 883, 884 (1967) (treatment in a chair at a beauty shop); *Antles v Aetna Casualty,* 221 Cal App2d 438, 34 Cal Rptr 508, 509-11 (1963) (treatment of a patient by a chiropractor when the bracket holding a heat lamp pulled away from the wall and the lamp fell across the table and hit and burned the patient); *American Policyholders v Michota,* 156 Ohio St 578; 103 NE2d 817, 818 (1952), injury to a patient during treatment by a chiropodist for a foot ailment when the hydraulic chair rotated which caused the patient to fall and be injured; *Knorr v Commercial Casualty,* 171 Pa Super 488; 90 A2d 387, 388 (1992) (where the plaintiff was a customer at a beauty shop where she was struck on the head and injured by a hairdryer).

23. In accord with these authorities, Jaksa and Memphis Family Chiropractic PLC obtained a Professional Liability Policy from Certain Underwriters at Lloyd's of London, policy number BEZC2020-01 which was in effect at the time of the incident and which is providing coverage and a defense for the underlying action.

## COUNT II – REIMBURSEMENT OF DEFENSE COSTS

24. Nationwide repeats and realleges all of the allegations contained in all other paragraphs of this declaratory complaint as though set forth fully herein.

25. Well-settled law has long recognized the equitable right of restitution when a person has been unjustly enriched at the expense of another. In *Michigan Educational Employees Mutual Insurance Co. v. Morris*, 460 Mich 180, 198; 596 NW2d 142 (1999), the Court held:

> This Court has long recognized the equitable right of restitution when a person has been unjustly enriched at the expense of another.
>
> > The right to bring this action for money exists whenever a person, natural or artificial, has in his or its possession *money* which in equity and good conscience belongs to the plaintiff, and *neither express promise nor privity between the parties* is essential. *Hoyt v Paw Paw Grape Juice Co,* 158 Mich. 619, 626, 123 NW 529 (1909) (emphasis in original)

26. In *NCMIC Ins Co v Dailey,* 2006 WL 2035597 (Mich App 2006), the Court of Appeals recognized the right of an insurer to obtain reimbursement of defense costs from the insured:

15

Next, we consider NCMIC's and defendants' claims concerning the trial court's denial of their motions for restitution relief. In granting equitable relief, the court looks to the whole situation, and grants or withholds relief as dictated by good conscience. McFerren v B Investment Group, 253 Mich. App. 517, 522; 655 N.W.2d 779 (2002). Restitution is among the remedies available to a court in cases of fraud and misrepresentation to achieve a just result. United States Fidelity & Guaranty Co v Black, 412 Mich. 99, 134; 313 N.W.2d 77 (1981). Rescission itself involves restitution because it is based on the idea that parties should be restored to the status quo. Lash, supra at 102. To rescind a contract is to undo it from the beginning.

\* \* \* \*

By granting rescission of the contract but failing to return the parties to their respective pre-contract positions, the trial court was operating within an erroneous legal framework.

\* \* \* \*

Likewise, the trial court erred in denying NCMIC's motion for restitution with respect to its attorney fees and other costs expended to defend defendants in the Dudzik litigation. We reject defendants' claim that it was necessary for NCMIC to issue a reservation-of-rights letter with a specific retention of the right to reimbursement of attorney fees in order to seek reimbursement of defense costs. The evidence offered by NCMIC indicates that its attorney gave Dailey notice that NCMIC would seek restitution, in a letter written after Beal's two reservation-of-rights letters.

\* \* \* \*

A contract will be implied in law where it would be inequitable for a defendant to retain a benefit received from a plaintiff, absent reasonable consideration. In re McKim Estate, 238 Mich. App. 453, 457; 606 N.W.2d 30 (1999) (citations omitted). The law implies a contract to prevent unjust enrichment. Keywell & Rosenfeld v Bithell, 254 Mich. App. 300, 327-328; 657 N.W.2d 759 (2002).

27. In *Continental Casualty Co. v Indian Head Industries, Inc.,* 666 Fed. Appx 456 (6th CA, 2016) and *Great American Fidelity Insurance Company v Stout Risius Ross, Inc.,* 2024 WL 1511983 (6th CA, 2024), the Sixth Circuit Court of Appeals recognized the right of an insurer to obtain reimbursement of defense

costs when it was determined that there was no duty to defend the insured in the underlying action.

28.   Nationwide is entitled to reimbursement of all defense costs it has incurred in defending Jaksa and Memphis Family Chiropractic PLC in the underlying action pursuant to the Nationwide policy, because it has no duty to defend or provide coverage to Jaksa and Memphis Family Chiropractic PLC.

WHEREFORE, plaintiff Nationwide Property Casualty Insurance Company prays for a judgment declaring that it has no duty to defend or provide coverage to Jaksa and Memphis Family Chiropractic PLC for the claims made against it in the underlying action and is also entitled to reimbursement of all defense costs and attorney fees incurred in defending Jaksa and Memphis Family Chiropractic PLC in the underlying action and for all other and further relief to which it may be entitled, including costs and attorney fees.

Respectfully submitted,

HARVEY KRUSE, P.C.

BY: /s/Michael F. Schmidt
    Attorney for Plaintiff
    1050 Wilshire Dr., Suite 320
    Troy, Michigan 48084-1526
    (248) 649-7800
    mschmidt@harveykruse.com

DATED:  March 11, 2026

**HARVEY KRUSE**   A PROFESSIONAL CORPORATION
ATTORNEYS & COUNSELORS
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

## **DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, NATIONWIDE MUTUAL INSURANCE COMPANY, by and through its attorneys, HARVEY KRUSE, P.C., and hereby demands a trial by jury.

        HARVEY KRUSE, P.C.

        BY: /s/Michael F. Schmidt
            Michael F. Schmidt P25213
            Attorney for Plaintiff
            1050 Wilshire Dr., Suite 320
            Troy, Michigan 48084-1526
            (248) 649-7800
            mschmidt@harveykruse.com

DATED: March 11, 2026